Martha G. Bronitsky,  #127583
Chapter 13 Standing Trustee
Sarah Velasco, #255873, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266- 5580
13trustee@oak13.com


## THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| **In re** | **Chapter 13 Case No. 25-42332-CN 13** |
| **Ying Lian Hu** | |
| Debtors | Chapter 13 Trustee's Initial Notice of Deficiencies and Objection to Confirmation of Chapter 13 Plan |

| **Plan Objection Information** |
|---|

Chapter 13 Trustee ("Trustee") Objects To:  Chapter 13 Plan
Filed: January 16, 2026
Docket#: 20

| **Motion To Dismiss Information** |
|---|

☐ Trustee Seeks To Dismiss or Convert the Case

Notwithstanding the motion herein, Trustee may file a concurrent motion to dismiss with 21 days' notice pursuant to Local Bankruptcy Rule 9014-1(b)(3)A) which may result in dismissal of the above captioned case in the absence of a timely response.


**(See II. Motion To Dismiss Below)**

| **Case Information** |
|---|

Petition Filed: December 11, 2025          Attorney Name: APTUM LAW

Case: 25-42332   Doc# 24   Filed: 01/21/26   Entered: 01/21/26 15:16:20   Page 1 of 6

## I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:
* Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation

## (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☑ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts: The plan is not administrable on a monthly basis. The plan payment is not sufficient to cover the Trustee's fee and the proposed monthly dividends. The Debtor has not provided 60 days worth of payment advices as required by Section 521 of the Bankruptcy Code. If the debtor does not receive payment advices then a statement outlining this must be provided.

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☑ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts: According to Trustee's hypothetical liquidation analysis, general unsecured creditors would receive a higher dividend in Chapter 7. Trustee estimates plan payments of $910 and a minimum fixed dollar dividend of $2,099.63 is necessary for the plan to comply with Section 1325(a)(4).

Case: 25-42332   Doc# 24   Filed: 01/21/26   Entered: 01/21/26 15:16:20   Page 2 of 6

☐　　(7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan.  [11 U.S.C.§1325(a)(6)]

Facts:

☐　　(8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☑　　(9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts: Debtor needs to file tax returns for 2023 and 2024 and provide copies of the federal returns to the Trustee.

☐　　(10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims.  [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐　(11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☐　　(12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts:

☐　(13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts:

☑　　(14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts: Business income from Golden Fish LLC and HL Fairview LLC received during the six months prior to filing needs to be disclosed on the 122C-1.

☐ (15(a)) Other:

Facts:

Case: 25-42332　Doc# 24　Filed: 01/21/26　Entered: 01/21/26 15:16:20　Page 3 of 6

☑ (15(b)) Other:  Incomplete/Inaccurate Disclosures

Facts: Schedule A/B No. 1.1 regarding real property located at 37136 Magnolia St. checks that only Debtor has an interest in the real property but also values Debtor's interest as a partial interest. Schedule H No. 2 needs to list the address of Xin Li.  Per Schedule I Debtor is self-employed, business income needs to be moved from Line 2 to Line 8. Business income and expense statement needs to be filed. Statement of Financial Affairs No. 4 is missing income from 2023. Statement of Financial Affairs No. 27 needs to lists the dates the businesses existed.

## (B) Local Rules and General Orders

☑    (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after January 1, 2023.

 Facts: The plan is missing signature date. Section 5 Class 1 monthly arrearage payment to Connie Zhang is $0.00.

☐ (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☑    (18)  The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts: Chapter 13 plan elects to comply with General Order 35, but Debtor's attorney has not filed the Initial fee application with the court. Rights and Responsibilities needs to be filed. Fess listed in Section 6 of the plan are inconsistent with the fee disclosure form.

☑ (19) Other: Serve the Plan

Facts: Debtor needs to serve the plan with 28 days' notice and opportunity to object.

## II. Motion to Dismiss or Convert Chapter 13 Case

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐   (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts:

☐   (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐   (3) Failure to confirm a plan.

Facts:

---

☐   (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

Facts:

---

☐   (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts:

---

☐ (6) Other cause:

Facts:

## III. Trustee's Recommendation/Analysis

☐   The current plan is not confirmable and an amended plan will be required to be filed.

☐ No confirmable plan can be filed based on the facts of this case.

☐ Other:

***Note: If you have questions, please contact Eliemary De Guzman by email at EDeGuzman@oak13.com.

---

**WHEREFORE,** the Trustee requests:

☑ That the Trustee's objection to confirmation of the plan be sustained.

☐ That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☐ That the Debtor's case be dismissed or converted.

  Such other and further relief as the court deems proper.

Date: January 21, 2026                /s/ Trustee Martha G. Bronitsky
                                     Trustee Martha G. Bronitsky
                                     Chapter 13 Standing Trustee

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 21, 2026                          /s/ Olga Gonzalez
                                                _____
                                                Olga Gonzalez

Ying Lian Hu                                    Aptum Law
37136 Magnolia St                               1660 S Amphlett Blvd #315
Newark,CA 94560                                 San Mateo,CA 94402

Debtor                                          (Counsel for Debtor)