SCHEER LAW GROUP, LLP
SPENCER P. SCHEER #107750
JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
155 N. Redwood Drive, Suite 100
San Rafael, CA  94903
Telephone: (415) 491-8900
Facsimile: (415) 491-8910
WF.100-007S

Attorneys for:
CONNIE ZHANG 100% ($100,000.00) BENEFICIAL INTEREST UNDER THAT CERTAIN
DEED OF TRUST DATED 09/01/2023, her successors and/or assignees in interest

UNITED STATES BANKRUPTCY COURT FOR

THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re: | Bk. No. 25-42332-CN |
| YING LIAN HU, | Chapter 13 |
| Debtor. | **OBJECTIONS TO CONFIRMATION OF DEBTOR'S THIRD AMENDED CHAPTER 13 PLAN** |
| | Hearing- Confirmation Hearing<br>Date:  REQUESTED<br>Time:<br>Place: Bankruptcy Court<br>  1300 Clay Street<br>  Courtroom 215<br>  Oakland, CA 94612 |

CONNIE ZHANG 100% ($100,000.00) BENEFICIAL INTEREST UNDER

THAT CERTAIN DEED OF TRUST DATE 09/01/2023, her successors and/or assignees in

interest ("**Creditor**"), secured creditor of the above named Debtor, hereby submits these

Objections to the Debtor's Third Amended Chapter 13 Plan ("**TAP**").  These Objections are

based on the pleadings and records on file in this matter, and the following memorandum.

Creditor also requests that the Court take Judicial Notice of certain documents of public record

and on file with this Court in accordance with Federal Rule of Evidence 201, including, but not

limited to Debtor's TAP, Schedules, and Amended Schedules.

### I.    INTRODUCTION

Creditor's loan is all due and payable as it matured on August 31, 2024.  The total

amount due and owing on the loan is $102,909.53, as of the Petition date.

Additionally, the Debtor does not have sufficient income to fund her Plan as she is relying on family support payments. Pursuant to Debtor's Amended Schedule I she earns $8,400.00 per month in income and pursuant to Debtor's Amended Schedule J she has $2,677.31 per month in disposable income. However, she has proposed to make plan payments at $727.37 for months 1-2, and at $2,745.84 for months 3-60. This exceeds Debtor's disposable income. Moreover, her Schedules indicate she has been employed as a nanny for one (1) week. Yet, she is claiming that her salary increased by $2,900.00 with no explanation as to the salary increase. Debtor's Plan is simply not feasible as Debtor's Schedules clearly show that she cannot afford the Plan as constituted. Confirmation of the Plan should be denied due to the lack of feasibility.

## II.    FACTS

1.    Creditor is the current payee of a Promissory Note dated October 3, 2023, in the principal amount of $100,000.00 (the "**Note**") secured by a Deed of Trust of same date, which bears interest as specified therein. The indebtedness evidenced by the Note is secured by a Deed of Trust executed and recorded in Alameda County and which encumbers the real property located at **37136 Magnolia St., Newark, CA 94560** (the "**Property**"), the Debtor's residence. The loan was a short term, one (1) year loan which matured and became all due and payable on August 31, 2024 ("**Maturity Date**"). [*See* Creditor's Dec, Paragraph 3, Exhibit "1", and Paragraph 4, Exhibit "2" and Exhibit "3", respectively].

2.    On December 11, 2025, Debtor filed a Petition under Chapter 13 of the Bankruptcy Code, No. 25-42332. Debtor filed a Chapter 13 Plan ("**Plan**") on January 16, 2026, that did not correctly list Creditor's claim. [*See* Docket No. 20]. Creditor filed its Objections to the Plan on January 22, 2026. [*See* Docket No. 25].

3.    The Trustee its Motion to Dismiss on January 20, 2026 ("**First MTD**"). [*See* Docket No. 21]. The Trustee filed another Motion to Dismiss on January 21, 2026 ("**Second MTD**"). [*See* Docket No. 23]. The Trustee filed two more Motions to Dismiss on January 26, 2026 ("**Third MTD**" and "**Fourth MTD**", respectively). [*See* Docket No. 29 and Docket No. 30, respectively]. On February 3, 2026, the Trustee withdrew its First, Second, and

Case: 25-42332    Doc# 56    Filed: 03/13/26    Entered: 03/13/26 15:59:08    Page 2 of 5

Third MTD.  [*See* Docket No. 32, Docket No. 33, and Docket No. 34].  On February 24, 2026, Debtor filed her Opposition to the Trustee's Fourth MTD ("**Opposition**").  [*See* Docket No. 36].  On February 24, 2026, the Trustee withdrew its Fourth MTD.  [*See* Docket No. 37].

4.  On February 25, 2026, Debtor filed her Amended Schedules A/B, Amended Schedule C, Amended Schedule I, and Amended Schedule J.  [*See* Docket No. 38].  On February 25, 2026, Debtor filed her First Amended Plan ("**FAP**").  [*See* Docket No.42].

5.  On March 1, 2026, Debtor filed her Second Amended Plan ("**SAP**").  [*See* Docket No.49].

6.  On March 2, 2026, Debtor filed her TAP.  [*See* Docket No. 51].

7.  The total payoff on Creditor's loan is $102,909.53, as of the Petition date.  [*See* Creditor's Proof of Claim No. 10-1].  In addition, Creditor's loan matured on August 31, 2024.

8.  Pursuant to Debtor's Amended Schedule I, Debtor earns $6,900.00 from employment, and $1,500.00 in family support payments.

9.  Pursuant to Debtor's Amended Schedule J, the Debtor's monthly expenses total $4,783.84, leaving disposable income in the amount of $2,677.31.

10.  Pursuant to the Debtor's proposed Chapter 13 Plan, the Debtor will make 2 monthly payments at $727.37 and 58 monthly payments at $2,745.84.

11.  On March 4, 2026, the Chapter 13 Trustee filed a Motion to Dismiss this case due to the Debtor's default on Plan payments.  [*See* Docket No. 54.]

### III.  OBJECTION

**Infeasible Plan in Violation of 11 U.S.C. § 1325(a)(6) and Non-Acceptance by Creditor of treatment in Violation of 11 U.S.C. § 1325(a)(5).**

Given the claim of Creditor which must be paid under the Plan, Debtor's Plan is infeasible and in violation of 11 U.S.C. § 1325(a)(6).

A. Creditor's Loan Matured

Creditor's loan was a short term, one (1) year loan which matured on August 31, 2024.  Debtor has proposed a 60 month Plan which is infeasible.  Creditor objects to any plan for

repayment that extends the maturity date on its loan, pursuant to 11 U.S.C. §1322(b)(2). The Property is Debtor's primary residence and the loan cannot be modified as a result.

In the event that this Court allows modification of Creditor's right to receive full payment of its loan in accordance with the subject Promissory Note, the Debtor's Plan must provide for full payment of Creditor's entire claim over the length of the Plan with market rate of interest. See In re James Jones, 188 B.R. 281 (Bankr. D. OR. 1995). See also In re Barnes, 32 F.3d (9th Circ. 1994)(requiring payment of the claim over the life of the plan in accordance with 11 U.S.C. §1325(a)(5)(B)(ii))(emphasis added); In re Bagne, 219 B.R. 272, 277 (Bankr. E.D. Cal. 1998); In re Reeves, 164 B.R. 766, 768 (Bankr. Fed. App. 1994); In re Harlan, 783 F.2d 839, 840 (9th Cir. 1986)(postponing payment of a debt beyond the original date contemplated by the parties is a modification of Lender's rights and violates 11 U.S.C. §1322(b)(2)). Debtor's Schedules indicate that she does not have sufficient income to fund the Plan.

B.    Debtor Lacks Income to Fund the Plan and is Relying on Third Party Contributions

Debtor's own Schedules clearly show that she cannot make the payments required to pay the Arrears in full even as originally proposed, let alone pay off this claim over the life of the Plan at the market rate of interest. Debtor's Schedules show disposable income of $2,677.31 and the Debtor proposes two (2) monthly Plan payments of $727.37 and fifty eight (58) monthly payments at $2,745.84.. The proposed Plan payments exceed Debtor's disposable. Additionally, Debtor has filed Amended Schedules which now indicate she earns $6,900.00 from employment which is an increase of $2,900.00. However, Debtor has failed to provide any proof of income, including, but not limited to payment stubs and/or tax returns. Additionally, Debtor is claiming unexplained family support income, in the amount of $1,500.00, without explaining the source of the income such as alimony, spousal support, child support, etc. Furthermore, pursuant to Debtor's Schedule J and Debtor's Statement of Financial Affairs, Debtor has liens in favor of AmWest, Wen Ma, and the County Tax Collector. It is unclear whether the monthly mortgage payment of $2,856.69 as listed in Debtor's Schedule J is sufficient to cover regular monthly mortgage payments to AmWest, Wen Ma, Creditor, and the County Tax Collector.

Confirmation of the Plan is simply not possible with Debtor's income and expenses. Debtor has not shown that he has the ability to make the ongoing payments. Creditor asserts that this type of plan is not confirmable. Courts in the 9th Circuit have held that "[g]ratuitous payments from family members and other third parties do not generally constitute regular income for purposes of 11 U.S.C.S. § 101(30), with some exceptions." These types of "contribution" plans have generally been held to be infeasible and in violation of 11 U.S.C. § 1325(a)(6) (See, for example, *In re Deutsch*, 2015 Bankr. LEXIS 1368 (Bankr. C.D. Cal. Apr. 20, 2015), holding that contribution from family members was not "regular" income as required to be a debtor; see also *In re Welsh,* 2003 Bankr. LEXIS 2246 (Bankr. D. Idaho Feb 26, 2003)). Here, nothing has been provided to show the legitimacy and regularity of the contributions. When taking out the unexplained contributions, the Debtor's monthly income is insufficient to pay the monthly debt service on the Note, let along cover normal living expenses.

### IV. CONCLUSION

This Bankruptcy and Plan appear to be filed without a legitimate attempt to reorganize and is infeasible as proposed. Wherefore, Creditor prays that Debtor's Plan not be confirmed and that these proceedings be dismissed.

SCHEER LAW GROUP, LLP

DATED: March 11, 2026          /s/ Reilly D. Wilkinson
                              # 250086