Martha G. Bronitsky, #127583
Chapter 13 Standing Trustee
Sarah Velasco, #255873, Staff Attorney
Brisa C. Ramirez #261480, Staff Attorney
PO Box 5004
Hayward, CA 94540
(510) 266-5580
13trustee@oak13.com


# THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re**<br>    **Ying Lian Hu**<br><br><br>                    Debtors | **Chapter 13 Case No. 25-42332-WJL13** |

| Plan Objection Information |
|---|

Chapter 13 Trustee ("Trustee") Objects To:  Amended Chapter 13 Plan
Filed: August 04, 2026
Docket#: 105

| Motion To Dismiss Information |
|---|

☑  Trustee Seeks To Dismiss or Convert the Case
Notwithstanding the motion herein, Trustee may file a concurrent motion to dismiss with 21 days' notice pursuant to Local Bankruptcy Rule 9014-1(b)(3)A) which may result in dismissal of the above captioned case in the absence of a timely response.


**(See II. Motion To Dismiss Below)**

| Case Information |
|---|

Petition Filed: December 11, 2025              Attorney Name: APTUM LAW

Case: 25-42332   Doc# 110   Filed: 08/05/26   Entered: 08/05/26 15:07:54   Page 1 of 6

## I. Objection

Martha G. Bronitsky, Chapter 13 Trustee in the above referenced matter, opposes confirmation of the Chapter 13 Plan on the following grounds:

* Pursuant to Bankruptcy Local Rule 3015-1, an objection to a plan will be considered an objection to all subsequent versions and amendments until the objection is withdrawn or the objecting party fails to appear at a hearing on confirmation

## (A) Chapter 13 Plan 11 U.S.C. 1322, 1324, 1325 and 1326

☐ (1) The plan fails to provide for submission of all or such portion of future earnings or other future income to the supervision and control of the Trustee as is necessary for execution of the plan. [11 U.S.C.§1322(a)]

Facts:

☐ (2) The plan fails to provide for the full payment, in deferred cash payments, of all claims entitled to priority under 507 of this title [11 U.S.C.§1322(a)]

Facts:

☐ (3) The plan fails to provide for the same treatment of claims classified within a particular class. [11 U.S.C.§1322(a)]

Facts:

☐ (4) The plan unfairly discriminates between a class or classes of unsecured claims. [11 U.S.C.§1322(b)]

Facts:

☐ (5) The plan impermissibly modifies the claim of the creditor secured only by a security interest in real property that is the Debtor's principal residence. [11 U.S.C.§1322(b)]

Facts:

☐ (6) The value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 on this title on such date. [11 U.S.C.§1325(a)(4)]

Facts:

☐ (7) The plan is not feasible. Debtor will not be able to make all payments under the plan and comply with the plan. [11 U.S.C.§1325(a)(6)]

Facts:

Case: 25-42332   Doc# 110   Filed: 08/05/26   Entered: 08/05/26 15:07:54   Page 2 of 6

☐   (8) The Debtor has not paid all domestic support obligation as required by 11 U.S.C.§1325(a)(8).

Facts:

☐   (9) The Debtor has not filed all applicable tax returns required by 11 U.S.C. §1325(a)(9)

Facts:

☐   (10) The plan does not provide for the payment of equal monthly amounts to allowed secured claims.  [11 U.S.C.§1325(a)(B)(ii)(I)]

Facts:

☐  (11) The plan has not been proposed in good faith [11 U.S.C. 1325(a)(3)] and/or the action of the Debtor in filing the petition was in bad faith. [11 U.S.C.§1325 (a)(7)]

Facts:

☑   (12) The plan provides for payments to creditors for a period longer than five (5) years [11 U.S.C.§1322(d)]

Facts: Section 5 proposes to make payments to Amwest, Connie Zhange and Alameda County. Amwest and Connie Zhange obtained relief from stay which is not overturned specifically in this plan. The Trustee will not make secured debt payments to Connie Zhange given the clear language regarding relief from stay in the plan.

☑   (13) With respect to each allowed secured claim provided for by the plan, the plan fails to provide for the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed amount of such claim. [11 U.S.C.§ 1325(a)(5)(B)(ii)]

Facts: Section 5 Class 3 proposes to avoid the lien of Wen Ma via the plan, however it appears a stipulation has been entered into.  An order on the Stipulation is needed then the plan should indicate the stipulated value not that it would be avoided via the plan.

☐   (14) The plan does not provide for all of the Debtor's projected disposable income ("DMI") to be applied to unsecured creditors under the plan purusant to 11 U.S.C. 1325 (b).

Facts:

☑  (15(a)) Other:   The Notice and Opportunity of the Amended Plan Is Incorrect

Facts: The debtor served the amended plan with a notice and opportunity to object (#107) which purports to set a hearing date of 9/17.  No notice of hearing has been filed and it would be inappropriate for debtor to file such a notice regarding Confirmation of a Plan.  The Chapter 13 Trustee notices hearings for confirmation of a plan and there is a hearing in this case scheduled for August 13, 2026 at 1:30.  If the debtor would like that hearing continued then it should be requested at the upcoming hearing.

☑ (15(b)) Other:   There Appears to be No Need for the Chapter 13 Case

Facts: The secured mortgage creditors have obtained relief from stay and no distributions will be made through the plan.  The unsecured creditors can be dealt with through a conversion to Chapter 7.

## (B) Local Rules and General Orders

☐ (16) Debtor failed to utilize, or failed to properly complete, the Mandatory Form Plan for Chapter 13 cases filed or converted to Chapter 13 on or after January 1, 2023.

 Facts:

☐ (17) Debtor failed to file and serve a motion to value collateral and obtain an order or has otherwise failed to value collateral as part of or "through" the plan.

Facts:

☐ (18)  The plan provision regarding Debtor's Attorney's fees fails to comply with General Order 35 or the existing Guidelines for Payment of Attorney's Fees in Chapter 13 cases.

Facts:

☐ (19) Other:

Facts:

## II. Motion to Dismiss or Convert Chapter 13 Case

The Trustee seeks dismissal or conversion of this case pursuant to 11 U.S.C. § 1307(c) on the following grounds:

☐ (1) Unreasonable delay by the Debtor that is prejudicial to creditors.

Facts:

☐ (2) Payments to the Trustee are not current under the Debtor's proposed plan.

Facts:

☐ (3) Failure to confirm a plan.

Facts:

☐   (4) Failure of the Debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

Facts:

☑   (5) Failure to provide documents and information (Schedules, Statement of Financial Affairs, payment advices, etc...) to the Trustee as required by 11 U.S.C. § 521(a)(1),(3),or (4). [11 U.S.C. § 1307(c); 11 U.S.C. 521].

Facts: Amended Schedules D and E/F changed the judicial lien of Wen Ma from secured to unsecured. This is not appropriate as the debtor has filed a Motion to Avoid this lien. It is secured to be avoided. It is not unsecured yet.

☐  (6) Other cause:

Facts:

## III. Trustee's Recommendation/Analysis

☐   The current plan is not confirmable and an amended plan will be required to be filed.

☑  No confirmable plan can be filed based on the facts of this case.

☑  Other: There are no secured creditors to be paid due to Relief from Stay be granted.

***Note: If you have questions, please contact Selesia Fredotovich by email at smelofredotovich@oak13.com.

**WHEREFORE,** the Trustee requests:

☑  That the Trustee's objection to confirmation of the plan be sustained.

☐  That the Trustee's objection to confirmation of the plan be sustained and a bar date to achieve confirmation be set.

☐  That the Debtor's case be dismissed or converted.

    Such other and further relief as the court deems proper.

Date: August 05, 2026

        /s/ Trustee Martha G. Bronitsky
        Trustee Martha G. Bronitsky
        Chapter 13 Standing Trustee

I HEREBY CERTIFY that I have served a copy of the within and foregoing document on the Debtor, Counsel for Debtor, and if applicable, the Creditor, Creditor representatives and the registered agent for the Creditor by depositing it in the United States Mail with First Class postage attached thereto.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 05, 2026

/s/ Olga Gonzalez

Olga Gonzalez

Ying Lian Hu
37136 Magnolia St
Newark,CA 94560

Aptum Law
1660 S Amphlett Blvd #315
San Mateo,CA 94402

Debtor

(Counsel for Debtor)